UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAMARENA,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW CATE, Director,<br><br>    Respondent. | NO. EDCV 10-636-DDP (AGR)<br><br>ORDER TO SHOW CAUSE |

On April 29, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***June 7, 2010***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

# I.

# **PROCEDURAL BACKGROUND**

On December 3, 1991, Petitioner was sentenced to 15 years to life plus a consecutive two years after being convicted by a jury of second degree murder. The jury found true that Petitioner personally used a shotgun, but found not true that Petitioner personally used a handgun. (Petition at 2; Opinion at 1-2.[1]) The California Court of Appeal affirmed the judgment on July 15, 1993. (Petition at 3; Opinion at 19.) The California Supreme Court denied the petition for review on October 13, 1993. (Petition at 3 & Exh. A, Appendix B.)

On November 19, 1993, Petitioner filed a state habeas petition before the San Bernardino Superior Court. The court conducted a hearing at which witnesses testified. On August 8, 1994, the Superior Court denied the state habeas petition. (Petition at 4 & Exh. B at 1-2.)

Petitioner states that he filed a state habeas petition before the California Court of Appeal, Fourth Appellate District, Division Two on January 18, 1995. (Petition at 4.) According to the online docket, Petitioner filed a state habeas petition on December 23, 1992, which was denied on December 30, 1992. (Case No. E012067.) Petitioner filed another state habeas petition on February 6, 1995, which was denied on February 22, 1995. (Case No. E015666.)

In March 2009, Petitioner filed a motion for modification of sentence under Cal. Penal Code § 1260. (Petition at 4.) On April 17, 2009, the San Bernardino Superior Court denied the motion. (Exh. C to Petition.)

On July 1, 2009, Petitioner filed a state habeas petition before the San Bernardino Superior Court. (Petition at 4i.) The court denied the petition as untimely on July 6, 2009. (Exh. D to Petition.)

---

[1] The California Court of Appeal's opinion is located at Appendix A, which is part of Exhibit A to the Petition.

2

On August 4, 2009, Petitioner filed a state habeas petition in the Court of Appeal, which denied it on August 10, 2009. (Petition at 4i; Exh. E to Petition, Case No. E048941.)

On September 10, 2009, Petitioner filed a state habeas petition in the California Supreme Court. (Petition at 4i.) On March 10, 2010, the California Supreme Court denied the petition with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (Exh. F to Petition; *In re Michael Camarena*, 2010 Cal. LEXIS 2467 (2010).)

On April 26, 2010, Petitioner signed the Petition before this court. (Petition at 8.) Petitioner asserts four grounds: (1) insufficient evidence, prosecutorial misconduct "by the use of an improper theory, jury misdirection and the suppression of materials (proper law) given to the jury" and improper jury instructions (Petition at 5 & a.II-a.III); (2) ineffective assistance of counsel in that "counsel failed to use law and evidence to defend and reinstate Petitioner's violated rights suffered at trial" and "improperly advised and influenced Petitioner causing default to state grounds for relief" (Petition at 5, b.I-b.XIX.); (3) sentencing error, instructional error and ineffective assistance of counsel (Petition at 6, c.1-c.11); and (4) inability to pay restitution (Petition at 6, d.1-d.5).

## II.

## **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts
///

3

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on October 13, 1993. (Petition at 3 & Exh. A, Appendix B.) His conviction became final ninety days later, on January 11, 1994. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Because the conviction became final before the AEDPA was enacted, Petitioner had until April 24, 1997, to file a federal habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Petitioner signed his federal habeas petition on April 26, 2010, 13 years later. (Petition at 8.) The Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval. *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner's state habeas petitions during the period 1992-1995 occurred before the statute of limitations began running and do not toll the statute of limitation. After the statute of limitations began to run, Petitioner filed a motion for modification of sentence in March 2009, which was denied on April 17, 2009. (Petition at 4 & Exh. C.) Even assuming such motion could toll the statute of limitation, it was filed almost 12 years after the statute of limitations had expired. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

///

4

### B. Equitable Tolling

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner's ignorance of the law is not a basis for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). To explain his delay, Petitioner argues that, on October 16, 1993, his appellate counsel on direct appeal advised him in a letter that "I do not see any evidence of ineffective representation by Mr. Bristoll." Counsel went on to say that "This is my view of the issue. You may, however, raise it in a habeas petition." (Petition at a.V & Exh. G, Appendix A.) Petitioner "fully acknowledge[s] she did not discourage me from taking that line. But great weight was given to her opinion." (Declaration and Statement of Petitioner dated 9/4/09 at 3-4 ("Declaration"), Exh. G to Petition.) The opinion of appellate counsel regarding Petitioner's ineffective assistance claim does not warrant equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336-37 (counsel's mistake in miscalculating limitations period); *Miranda*, 292 F.3d at 1068 ("because Miranda had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either").

Petitioner cites *Townsend v. Knowles*, 562 F.3d 1200 (9th Cir. 2009). (Petition at a.V.) However, *Townsend* has no application to Petitioner's case. In *Townsend*, the petitioner argued for equitable tolling because an intervening change in the law[2] rendered his pending petition untimely. *Id.* at 1205-06. These circumstances are not presented here.[3]

### C. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Petitioner has not identified any factual predicates that he discovered after the date his conviction became final. Petitioner relies exclusively on facts developed at trial in 1991 and the evidentiary hearing in 1994: the jury verdict, the prosecutor's argument, the jury instructions, the medical examiner's testimony, the autopsy, the Court of Appeal opinion on direct appeal, the Information, and testimony at the evidentiary hearing. (Petition at a.VI-a.XXXI, b.I.) Petitioner acknowledges that he "was aware of the issues at question in my case but not

---

[2] The intervening change in the law was *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

[3] Petitioner argues there is no procedural bar. (Petition at a.V.) However, the question is whether the limitations period is tolled, not whether there is a procedural bar.

6

aware the form in which counsel had presented them to the court was insufficient and fell short and not fully exhausted." (Declaration at 6; *Id.* at 9 ("the issues were presented though improperly"). Therefore, the Petition is barred by the statute of limitations.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***June 7, 2010***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why the Petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: May 6, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7