UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAMARENA,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Director,<br><br>Respondent. | NO. EDCV 10-636-DDP (AGR)<br><br>ORDER ADOPTING FINAL MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Final Report and Recommendation ("R&R"), the Objections to the R&R filed on November 17, 2010, and the records and files. Based upon the Court's *de novo* review, as modified below, the Court agrees with the recommendation of the Magistrate Judge.

The R&R, which was issued on October 22, 2010 (Dkt. No. 18), correctly found that the Petition was time-barred. The R&R also found that Petitioner's argument that his late filing be excused based on actual innocence was foreclosed by *Lee v. Lampert*, 610 F. 3d 1125, 1136 (9th Cir. 1010). (R&R at 13.) However, on February 8, 2011, the Ninth Circuit ordered that *Lee* be reheard en

banc. *Lee v. Lampert*, 2011 U.S. App. LEXIS 2382 (2011). Thus, *Lee* is no longer citable as precedent. *Id.*

Before *Lee*, the Ninth Circuit had not yet decided whether actual innocence can overcome the AEDPA's one-year statute of limitations. *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court").

Even assuming actual innocence could provide relief under some theory, the actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Under actual innocence, a petitioner "must establish that, *in light of new evidence*, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Bell*, 547 U.S. at 536-37 (citation omitted) (emphasis added). To do so, Petitioner must present "*new reliable evidence*" not presented in the context of trial. *Id.* at 537 (emphasis added). Then, based on all of the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner claims he was convicted of an offense he "did not commit." (Dkt. No. 9 at 2.) He argues that because of the jury's "findings of acquittal of the murder weapon, any reference to petitioner and the use of the murder weapon must be disregarded and ignored as it does not exist." (*Id.*) He cites pages a-XI to a-XXIV of the Petition in support of his claim that the jury's murder conviction was "erroneous." (*Id.*)

1    Petitioner highlights the jury's findings as to the murder weapons to support his arguments. According to Petitioner, the jury found that he used a shot gun in the commission of the murder, but the jury also found that he did not use a revolver. (Petition at a-XI.) He argues that evidence was presented at trial showing that the cause of death were shots from the handgun, not from the shotgun, and that any shotgun wounds were inflicted after the victim was already dead. (*Id.* at a-XII; Objections at 7, 10-11.) Thus, according to Petitioner, there was insufficient evidence that Petitioner committed the murder. (Petition at a-XIII.) In other words, Petitioner argues that "you cannot kill someone who is already dead." (*Id.* at a-XIV.) Petitioner carries this theme through the various grounds of the Petition. (*Id.* at a-XV to a-XXIV.)

Petitioner's claim of "innocence" is flawed in two fundamental respects. First, all of the evidence Petitioner relies on was given at trial. Petitioner does not identify any new evidence not presented to the jury. *See Smith v. Baldwin*, 510 F.3d 1127, 1139-46 (9th Cir. 2007) (en banc) (evaluating impact of new evidence); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (requiring new evidence that was not introduced to the jury at trial).

Second, the Supreme Court has made clear that the actual innocence standard is not satisfied by a claim of insufficient evidence. *Bell*, 547 U.S. at 538. Accordingly, Petitioner's "actual innocence" argument does not overcome the statute of limitations.

Petitioner's remaining objections are overruled.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: June 24, 2011

DEAN D. PREGERSON  
United States District Judge